**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ONEWEST BANK, N.A.,**

                               **Plaintiff,**

   vs.                                                    **8:14-CV-01249
                                                               (MAD/CFH)**

**JAMIE CONKLIN** *also known as*
**JAMIE A. CONKLIN,**
**CHRISTY CONKLIN** *also known as*
**CHRISTY L. CONKLIN,**
**JOHN DOE** *being fictitious and unknown to
Plaintiff, intended to be tenants, occupants, persons,
or corporations having or claiming an
interest in or lien encumbering the property.*
                               **Defendants.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**GROSS POLOWY, LLC**                       **KEITH R. YOUNG, ESQ.**
1175 Wehrle Drive
Suite 100
Williamsville, New York 14221
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff brought this action pursuant to Article 13 of New York Real Property Actions and Proceedings Law ("R.P.A.P.L."). *See* Dkt. No. 1. Specifically, Plaintiff is seeking to foreclose a mortgage encumbering 640 Limekiln Road, Town of Malone, County of Franklin, State of New York (the "property"), including the land, buildings, and other improvements located on the property, along with other relief as allowed by terms of the mortgage being foreclosed. *See id.* at ¶¶ 1, 11. Currently before the Court is Plaintiff's motion for a default judgment against Defendants Jamie Conklin also known as Jamie A. Conklin and Christy Conklin

also known as Christy L. Conklin ("Defendants") and a motion to discontinue the action against Defendant "John Doe" without prejudice. *See* Dkt. No. 11.

## II. BACKGROUND

This action was commenced by Plaintiff on October 10, 2014. *See* Dkt. No. 1. According to the complaint, on February 29, 2008, Defendants executed and delivered a note promising to pay $88,609.00 plus interest to the lender.[1] *See id.* at ¶ 10. As security for the note, a mortgage on the property, including the land, buildings, and other improvements located on the property, was also executed and delivered by Defendants. *See id.* at ¶ 11. The mortgage was subsequently assigned to Plaintiff OneWest Bank, N.A.[2] *See id.* at ¶ 12. Defendants defaulted under the terms of the note and mortgage by failing to tender the monthly payment that was due on November 1, 2012 and failing tendering any subsequent monthly payments. *See id.* at ¶ 13. Pursuant to the terms of the note and mortgage, Plaintiff accelerated the payments and declared due the entire amount owed on the note. *See id.;* Dkt. No. 11-2 at 6, 14.

At the time of the complaint, Plaintiff claimed that Defendants owed a principal balance of $81,212.18 with annual interest at the rate of 6.50% accruing from October 1, 2012. *See* Dkt. No. 11-3 at ¶ 14. It is additionally claimed that, pursuant to the terms of the note and mortgage, Defendants also owe late charges, monies advanced for taxes, inspection fees, insurance disbursements, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the

---

[1] The original lender was IndyMac Bank, F.S.B.. *See* Dkt. No. 11-2 at 5-20. On April 3, 2013, IndyMac Bank, F.S.B. endorsed the promissory note for the sum of $88,609.00 and interest and assigned the securing mortgage to OneWest Bank, F.S.B. *See id.* at 22. The assignment of the mortgage was filed with the clerk of Franklin County, State of New York in accordance with section 291 of New York's R.P.A.P.L. § 291. *See id.* at 21.

[2] OneWest Bank, N.A. was formerly known as OneWest Bank, F.S.B. according to Plaintiff's complaint. *See* Dkt. No. 11-3 at ¶ 12.

2

foreclosure. *See id.* at ¶ 13-14. Plaintiff alleges that it complied with the notice provisions of the mortgage and section 1304 of the R.P.A.P.L. and filed the information required under section 1306 of the R.P.A.P.L. *See id.* at ¶ 16.

On March 12, 2012, Plaintiff filed with the Court affidavits of service, attesting that the summons and complaint together with the notice required by R.P.A.P.L. § 1303 – entitled "Help for Homeowners," a debt validation letter, and certificate of merit were properly served on Defendants. *See* Dkt. No. 5. Specifically, Defendant Christy Conklin was personally served with these documents on October 29, 2014, and Defendant Jamie Conklin was served by delivering a copy of these documents to Defendant Christy Conklin, a person of suitable age and discretion, at Defendant Jamie Conklin's residence on October 29, 2014 followed by first class mailing of these documents to his residence on October 31, 2014. *See id.* On November 5, 2014, Plaintiff also sent the R.P.A.P.L. § 1303 notice to each of Defendants by first class mail. *See id.*

Defendants failed to respond to the complaint or otherwise appear in this action. On January 23, 2015, Plaintiff requested that the Clerk of the Court enter a certificate of entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and the Northern District of New York Local Rule 55.1(b) ("Local Rule"). *See* Dkt. No. 9. On January 27, 2015, the Clerk of the Court entered the requested default. *See* Dkt. No. 10. Plaintiff now asks the Court for entry of default judgment against Defendants. *See* Dkt. No. 11.

### III. DISCUSSION

**A.  Entry of Default Judgment**

"Rule 55 sets forth a two-step process that first requires the entry of a default through a notation on the record that the party has defaulted, and then entry of a default judgment, which is the final action in the case." *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 346

(E.D.N.Y. 2009). The court clerk must enter the default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In addition, Local Rule 55.1 requires

> [a] party applying to the Clerk for a certificate of entry of default pursuant to Fed. R. Civ. P. 55(a) shall submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action as provided in the Federal Rules of Civil Procedure and (3) it has properly served the pleading to which the opposing party has not responded.

"After a default has been entered against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), a default judgment may be entered." *La Barbera*, 666 F. Supp. 2d at 347 (citing Fed. R. Civ. P. 55(b)). Further procedural requisites are imposed by Local Rule 55.2, requiring a party to submit the entry of default, a proposed default judgment, a copy of their pleading, and an affidavit setting forth the following:

1. The party against whom it seeks judgment is not an infant or an incompetent person;
2. The party against who it seeks judgment is not in the military service, or if unable to set forth this fact, the affidavit shall state that the party against whom the moving party seeks judgment by default is in the military service or that the party seeking a default judgment is not able to determine whether or not the party against whom it seeks judgment by default is in the military service;
3. The party has defaulted in appearance in the action;
4. Service was properly effected under Fed. R. Civ. P. 4;
5. The amount shown in the statement is justly due and owing and that no part has been paid except as set forth in the statement this Rule requires; and
6. The disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.

In this case, Plaintiff has complied with the procedural requirements. Plaintiff submitted an application to the court clerk in compliance with Fed. R. Civ. P. 55(a) and Local Rule 55.1 establishing that Defendants are not infants, in the military, or an incompetent person, Defendants have failed to plead or otherwise defend the action, and Plaintiff has properly serve the pleadings to which Defendants have not responded. *See* Dkt. No. at 11-6. A default was then entered by the clerk of the court on January 27, 2015. *See* Dkt. No. 10.

Further, Plaintiff was compliant with Fed. R. Civ. P. 55(b) and Local Rule 55.2(b). In support of Plaintiff's motion for default judgment to the Court, Plaintiff has submitted the clerk's certificate of entry of default, *see* Dkt. No. 11-7, a proposed form of default judgment, *see* Dkt. No. 11-12, a copy of Plaintiff's summons and complaint, *see* Dkt. No. 11-3, and an affidavit from a representative of Plaintiff, *see* Dkt. No. 11-8. Having found that Plaintiff has complied with the procedural requirements for a default judgment, the Court will consider the substance of Plaintiff's motion for default judgment.

The Court has "significant discretion" in deciding whether or not to grant a default judgment and may consider numerous factors in making the decision, "including whether the grounds for default judgment are clearly established, . . . whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff has been substantially prejudiced by the delay involved, and how harsh an effect a default judgment might have on the defendant." *La Barbera*, 666 F. Supp. 2d at 347; *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 131 (2d Cir. 2011); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011). Additionally, the factors that are considered in whether to set aside an entry of default for good cause pursuant to Fed. R. Civ. P. 55(c), which include the willfulness of the default, the existence of a meritorious defense, and the level of

5

prejudice that the non-defaulting party may suffer should relief be granted, also guide the court on the entry of default judgment. *See Percarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170 (2d Cir. 2001); *Rodriguez*, 784 F. Supp. 2d at 123. The Court is mindful that defaults are an extreme remedy and are generally disfavored. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). It is preferred for the resolutions of disputes to be made on the merits of a case. *See id.* at 95-96. Accordingly, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* at 96.

**B.      Article 13 of the R.P.A.P.L.**

In New York, mortgage foreclosure actions are governed by Article 13 of the R.P.A.P.L. *See* 1301 *et seq.; Putnam Cnty. Sav. Bank v. Bagen*, 185 B.R. 691, 696-97 (Bankr. S.D.N.Y. 1995). In addition to the commons law elements of (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt, *see U.S. Bank, N.A. v. Squadron VCD, LLC,* 504 Fed. Appx. 30, 32 (2d Cir. 2012) (citing *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997), the R.P.A.P.L. requires the service of statutory notice on the mortgagor prior to commencing an action, *see* R.P.A.P.L. § 1304,[3] the service of statutory notice on the mortgagor with the summons and complaint, *see* R.P.A.P.L. § 1303,[4] the filing of required information with the superintendent of the New York State Department of Financial Services, *see* R.P.A.P.L. §

---

[3] Section 1304 of the R.P.A.P.L. requires the lender to serve a statutory notice entitled "YOU COULD LOSE YOUR HOME" on the borrower at least 90 days prior to commencement of a legal action against the borrower.

[4] Section 1303 of the R.P.A.P.L. requires the foreclosing party in a mortgage foreclosure action to serve a statutory notice entitled "Help for Homeowners in Foreclosure" with the summons and complaint.

1306,[5] and the filing of notice of pendency, *see* R.P.A.P.L. § 1331. Section 1331 of the R.P.A.P.L. requires that "[t]he plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording." In addition, the notice of pendency must be filed with a copy of the complaint, unless the complaint has already been filed in that county. *See* N.Y. C.P.L.R. § 6511(a).

In the present case, Plaintiff has established the common law elements of a foreclosure action within its complaint. *See* Dkt. No. 1. Plaintiff has also submitted evidence of its compliance with Article 13 of R.P.A.P.L. On review of that evidence, the Court finds that Plaintiff has complied with the R.P.A.P.L. requirements set forth in sections 1303, 1304, and 1306. *See* Dkt. No. 11-5; 11-8 at 38-54, 56. However, Plaintiff's notice of pendency filed with the clerk of Franklin County, State of New York, erroneously states that Plaintiff's foreclosure action against Defendants was filed in New York State Supreme Court of Franklin County. *See* Dkt. No. 11-4. Further, Plaintiff did not file a copy of the complaint with the notice of pendency as required by N.Y. C.P.L.R. § 6511(a). *See id.* at 2.

The purpose of a notice of pendency is to provide constructive notice to a purchaser from any defendant named in the notice and bind a purchaser by all proceedings taken in the action after such filing. *See* N.Y. C.P.L.R. § 6501. The notice of pendency is "'an extraordinary privilege,'" which permits a party to hinder the transfer of another's property without judicial

---

[5] Section 1306 of the R.P.A.P.L. requires the lender to file the New York State Department of Financial Services' form containing the borrow's name, address, and last known telephone number together with the amount claimed as due and owing on the mortgage, among other information, within three business days of mailing the section 1304 notice.

intervention. *See Richard J. Zitz, Inc. v. Pereira*, 965 F. Supp. 350, 354 (E.D.N.Y. 1997) (quoting *Israelson v. Bradley*, 308 N.Y. 511, 516 (1955). "[T]he New York Court of Appeals has required strict compliance with the statutory procedural requirements" of the notice of pendency. *Richard J. Zitz*, 965 F. Supp. at 354 (internal quotation marks omitted) (citing *5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 320-21 (1984)).

The Court finds that Plaintiff's notice of pendency is ineffective because it fails to accurately provide notice of this pending action. Moreover, the failure to file a complaint with the notice, as required, renders Plaintiff's notice defective and void. *See Chateau Rive Corp. v. Riverview Partners, LP*, 18 A.D.3d 492, 493 (3rd Dep't 2005). "[T]he notice of pendency requirement pursuant to RPAPL 1331 was an 'element' of the plaintiff's cause of action, not a jurisdictional defect." *Maspeth Fed. Sav. and Loan Ass'n v. Sloup*, 123 A.D.3d 672, 674 (2d Dep't 2014) (*quoting Slutsky v. Blooming Grove Inn, Inc.*, 147 A.D.2d 208, 212 (2d Dep't 1989). "Failure to comply with the filing requirement[ ]precludes entry of final judgment." *See Slutsky*, 147 A.D.2d at 212. However, successive notices of pendency are permitted to be filed when prosecuting a foreclosure action to final judgment. *See id.* at 213.

In consideration of whether there are clearly established grounds for the foreclosure on Defendants' mortgage and whether there are any meritorious defenses available, the Court finds that Plaintiff's motion must be denied without prejudice. Plaintiff's error in stating that the mortgage foreclosure action was pending in state court and the failure to file a complaint with the notice of pendency, as statutorily required, rendered Plaintiff's notice defective and void. Accordingly, the Court directs that the notice of pendency filed with the clerk of Franklin County

8

in the State of New York is vacated.[6] Without a valid notice of pendency filed twenty days before a final judgment, Plaintiff has not complied with the statutory requirements of section 1331 of the R.P.A.P.L., and Plaintiff's motion for default judgment must be denied.

### IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **DENIED**; and the Court further

**ORDERS** that the Clerk of Franklin County in the State of New York vacate Plaintiff's notice of pendency filed on October 21, 2014; and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on the Clerk of Franklin County in the State of New York by Certified Mail, Return Receipt Requested, and file the returned receipt using the Court's electronic filing system; and the Court further

**ORDERS** that Plaintiff is permitted to resubmit this motion for default judgment upon the submission of a letter indicating that request together with a copy of a properly filed notice of pendency.

**IT IS SO ORDERED.**

Dated: June 10, 2015
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[6] It should be noted that vacating a notice of pendency and cancelling a notice of pendency "are two different concepts in New York." *See In re Murphy*, 331 B.R. 107 (Bankr. S.D.N.Y. 2005). Vacating a notice of pendency is used when a party did not meet the requirements of the C.P.L.R. and, therefore, the notice was improperly issued. *See id.* Cancelling a notice of pendency is pursuant to a statutory reasons enumerated within N.Y. C.P.L.R. § 6514 or §6515. *See id.*

9