**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ONEWEST BANK, N.A.,**

                               **Plaintiff,**

  vs.                                                      **8:14-CV-01249
                                                                        (MAD/CFH)**

**JAMIE CONKLIN** *also known as*
**JAMIE A. CONKLIN,**
**CHRISTY CONKLIN** *also known as*
**CHRISTY L. CONKLIN,**
**JOHN DOE** *being fictitious and unknown to*
*Plaintiff, intended to be tenants, occupants, persons,*
*or corporations having or claiming an*
*interest in or lien encumbering the property.*

                                   **Defendants.**
_____
**APPEARANCES:**                                  **OF COUNSEL:**

**GROSS POLOWY, LLC**                     **KEITH R. YOUNG, ESQ.**
1175 Wehrle Drive
Suite 100
Williamsville, New York 14221
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff brought this action pursuant to Article 13 of New York Real Property Actions and Proceedings Law ("R.P.A.P.L."). *See* Dkt. No. 1. Specifically, Plaintiff is seeking to foreclose a mortgage encumbering 640 Limekiln Road, Town of Malone, County of Franklin, State of New York (the "property"), including the land, buildings, and other improvements located on the property, along with other relief as allowed by terms of the mortgage being foreclosed. *See id.* at ¶¶ 1, 11. Plaintiff moved for a default judgment, which was denied on June 10, 2015 with leave to resubmit the motion with a properly filed notice of pendency. *See* Dkt.

No. 13. Currently before the Court is Plaintiff's resubmitted motion for a default judgment against Defendants Jamie Conklin also known as Jamie A. Conklin and Christy Conklin also known as Christy L. Conklin ("Defendants") and a motion to discontinue the action against Defendant "John Doe" without prejudice. *See* Dkt. No. 11.

## II. BACKGROUND

This action was commenced by Plaintiff on October 10, 2014. *See* Dkt. No. 1. According to the complaint, on February 29, 2008, Defendants executed and delivered a note promising to pay $88,609.00 plus interest to the lender.[1] *See id.* at ¶ 10. As security for the note, a mortgage on the property, including the land, buildings, and other improvements located on the property, was also executed and delivered by Defendants. *See id.* at ¶ 11. The mortgage was subsequently assigned to Plaintiff OneWest Bank, N.A.[2] *See id.* at ¶ 12. Defendants defaulted under the terms of the note and mortgage by failing to tender the monthly payment that was due on November 1, 2012 and failing to tender any subsequent monthly payments. *See id.* at ¶ 13. Pursuant to the terms of the note and mortgage, Plaintiff accelerated the payments and declared due the entire amount owed on the note. *See id.;* Dkt. No. 11-2 at 6, 14.

At the time of the complaint, Plaintiff claimed that Defendants owed a principal balance of $81,212.18 with annual interest at the rate of 6.50% accruing from October 1, 2012. *See* Dkt. No. 11-3 at ¶ 14. Additionally, it is claimed that, pursuant to the terms of the note and mortgage,

---

[1] The original lender was IndyMac Bank, F.S.B.. *See* Dkt. No. 11-2 at 5-20. On April 3, 2013, IndyMac Bank, F.S.B. endorsed the promissory note for the sum of $88,609.00 and interest and assigned the securing mortgage to OneWest Bank, F.S.B. *See id.* at 22. The assignment of the mortgage was filed with the clerk of Franklin County, State of New York in accordance with section 291 of New York's R.P.A.P.L. § 291. *See id.* at 21.

[2] OneWest Bank, N.A. was formerly known as OneWest Bank, F.S.B. according to Plaintiff's complaint. *See* Dkt. No. 11-3 at ¶ 12.

Defendants also owe late charges, monies advanced for taxes, inspection fees, insurance disbursements, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure. *See id.* at ¶ 13-14. Plaintiff alleges that it complied with the notice provisions of the mortgage and section 1304 of the R.P.A.P.L. and filed the information required under section 1306 of the R.P.A.P.L. *See id.* at ¶ 16.

On March 12, 2012, Plaintiff filed with the Court affidavits of service, attesting that the summons and complaint together with the notice required by R.P.A.P.L. § 1303 – entitled "Help for Homeowners," a debt validation letter, and certificate of merit were properly served on Defendants. *See* Dkt. No. 5. Specifically, Defendant Christy Conklin was personally served with these documents on October 29, 2014, and Defendant Jamie Conklin was served by delivering a copy of these documents to Defendant Christy Conklin, a person of suitable age and discretion, at Defendant Jamie Conklin's residence on October 29, 2014 followed by first class mailing of these documents to his residence on October 31, 2014. *See id.* On November 5, 2014, Plaintiff also sent the R.P.A.P.L. § 1303 notice to each of Defendants by first class mail. *See id.*

Defendants failed to respond to the complaint or otherwise appear in this action. On January 23, 2015, Plaintiff requested that the Clerk of the Court enter a certificate of entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and the Northern District of New York Local Rule 55.1(b) ("Local Rule"). *See* Dkt. No. 9. On January 27, 2015, the Clerk of the Court entered the requested default. *See* Dkt. No. 10. Plaintiff moved for a default judgment pursuant to Rule 55(a)(2) of the Federal Rules of Civil Procedure on February 27, 2015, which was denied with leave to resubmit the motion upon the proper filing of a notice of pendency. *See* Dkt. No. 13. Plaintiff now resubmits its motion to the Court for entry of default judgment against Defendants. *See* Dkt. No. 19.

# III. DISCUSSION

## A. Entry of Default Judgment

"Rule 55 sets forth a two-step process that first requires the entry of a default through a notation on the record that the party has defaulted, and then entry of a default judgment, which is the final action in the case." *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 346 (E.D.N.Y. 2009). The court clerk must enter the default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In addition, Local Rule 55.1 requires

> [a] party applying to the Clerk for a certificate of entry of default pursuant to Fed. R. Civ. P. 55(a) shall submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action as provided in the Federal Rules of Civil Procedure and (3) it has properly served the pleading to which the opposing party has not responded.

"After a default has been entered against a party, if that party fails to appear or otherwise move to set aside the default pursuant to Rule 55(c), a default judgment may be entered." *La Barbera*, 666 F. Supp. 2d at 347 (citing Fed. R. Civ. P. 55(b)). Further procedural requisites are imposed by Local Rule 55.2, requiring a party to submit the entry of default, a proposed default judgment, a copy of their pleading, and an affidavit setting forth the following:

1. The party against whom it seeks judgment is not an infant or an incompetent person;
2. The party against who it seeks judgment is not in the military service, or if unable to set forth this fact, the affidavit shall state that the party against whom the moving party seeks judgment by default is in the military service or that the party seeking a default judgment is not able to determine whether or not the party against whom it seeks judgment by default is in the military service;

4

>    3. The party has defaulted in appearance in the action;
>    4. Service was properly effected under Fed. R. Civ. P. 4;
>    5. The amount shown in the statement is justly due and owing and that no part has been paid except as set forth in the statement this Rule requires; and
>    6. The disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.

In this case, Plaintiff has complied with the default procedural requirements. Plaintiff submitted an application to the court clerk in compliance with Fed. R. Civ. P. 55(a) and Local Rule 55.1 establishing that Defendants are not infants, in the military, or incompetent persons; Defendants have failed to plead or otherwise defend the action; and Plaintiff has properly served the pleadings to which Defendants have not responded. *See* Dkt. No. at 11-6. A default was entered by the clerk of the court on January 27, 2015. *See* Dkt. No. 10.

Further, Plaintiff was compliant with Fed. R. Civ. P. 55(b) and Local Rule 55.2(b). In support of Plaintiff's motion for default judgment to the Court, Plaintiff has submitted the clerk's certificate of entry of default, *see* Dkt. No. 11-7, a proposed form of default judgment, *see* Dkt. No. 11-12, a copy of Plaintiff's summons and complaint, *see* Dkt. No. 11-3, and an affidavit from a representative of Plaintiff, *see* Dkt. No. 11-8. Having found that Plaintiff has complied with the procedural requirements for a default judgment, the Court turns its attention the substance of Plaintiff's motion for default judgment.

The Court has "significant discretion" when deciding whether to grant a default judgment and may consider numerous factors in making the decision, "including whether the grounds for default judgment are clearly established, . . . whether material issues of fact remain, whether the facts alleged in the complaint state a valid cause of action, whether plaintiff has been substantially prejudiced by the delay involved, and how harsh an effect a default judgment might have on the defendant." *La Barbera*, 666 F. Supp. 2d at 347; *see also City of New York v. Mickalis Pawn*

*Shop, LLC*, 645 F.3d 114, 131 (2d Cir. 2011); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011). Additionally, the factors relevant to setting aside an entry of default for good cause pursuant to Fed. R. Civ. P. 55(c) — the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted — also guide the court's decision on the entry of default judgment. *See Percarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170 (2d Cir. 2001); *Rodriguez*, 784 F. Supp. 2d at 123. The Court is mindful that default judgments are an extreme remedy and are generally disfavored. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). It is preferred that disputes be resolved on the merits of each case. *See id.* at 95-96. Accordingly, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.* at 96.

**B.     Article 13 of the R.P.A.P.L.**

In New York, mortgage foreclosure actions are governed by Article 13 of the R.P.A.P.L. *See* 1301 *et seq.; Putnam Cty. Sav. Bank v. Bagen*, 185 B.R. 691, 696-97 (Bankr. S.D.N.Y. 1995). In addition to the common-law elements of (1) the existence of a debt, (2) secured by a mortgage, and (3) a default on that debt, *see U.S. Bank, N.A. v. Squadron VCD, LLC,* 504 Fed. Appx. 30, 32 (2d Cir. 2012) (citing *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997)), the R.P.A.P.L. requires the service of statutory notice on the mortgagor prior to commencing an action, *see* R.P.A.P.L. § 1304,[3] the service of statutory notice on the mortgagor with the summons

---

[3] Section 1304 of the R.P.A.P.L. requires the lender to serve a statutory notice entitled "YOU COULD LOSE YOUR HOME" on the borrower at least 90 days prior to commencement of a legal action against the borrower.

and complaint, *see* R.P.A.P.L. § 1303,[4] the filing of required information with the superintendent of the New York State Department of Financial Services, *see* R.P.A.P.L. § 1306,[5] and the filing of notice of pendency, *see* R.P.A.P.L. § 1331. Section 1331 of the R.P.A.P.L. requires that "[t]he plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording." In addition, the notice of pendency must be filed with a copy of the complaint, unless the complaint has already been filed in that county. *See* N.Y. C.P.L.R. § 6511(a).

In the present case, Plaintiff has established the common-law elements of a foreclosure action within its complaint. *See* Dkt. No. 1. Plaintiff has also submitted evidence of its compliance with Article 13 of R.P.A.P.L. On review of that evidence, the Court finds that Plaintiff has complied with the R.P.A.P.L. requirements set forth in sections 1303, 1304, and 1306. *See* Dkt. Nos. 11-5; 11-8 at 38-54, 56. Plaintiff's notice of pendency, filed with the clerk of Franklin County, State of New York, states that Plaintiff's foreclosure action against Defendants was filed in the United States District Court for the Northern District of New York. *See* Dkt. No. 16. Additionally, Plaintiff's attorney has submitted an affidavit confirming that a

---

[4] Section 1303 of the R.P.A.P.L. requires the foreclosing party in a mortgage foreclosure action to serve a statutory notice entitled "Help for Homeowners in Foreclosure" with the summons and complaint.

[5] Section 1306 of the R.P.A.P.L. requires the lender to file the New York State Department of Financial Services' form containing the borrow's name, address, and last known telephone number together with the amount claimed as due and owing on the mortgage, among other information, within three business days of mailing the section 1304 notice.

7

copy of the complaint filed with this Court was filed with the notice of pendency as required by N.Y. C.P.L.R. § 6511(a).  *See* Dkt. Nos. 16, 19.

The Court finds that Plaintiff's notice of pendency is effective, and Plaintiff has complied with the statutory requirements of Article 13 of the R.P.A.P.L. for the foreclosure of the mortgage at issue in this action.  The Court further finds that no material issues of fact remain and that, based upon the notice that has been provided to Defendants up to this point, Defendants are willful in their default.  Therefore, Plaintiff's motion for default judgment is granted.

**C. Damages, Costs, and Fees**

The note and mortgage, as the governing instruments, should determine any default damages.  *Builders Bank v. Rockaway Equites, LLC*, No. CV 2008–3575, 2011 WL 4458851, *6 (E.D.N.Y. Sept. 23, 2011).  The note allows Plaintiff to recover "expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law." *See* Dkt. No. 11-2.  The mortgage likewise permits recovery of "all expenses incurred" in pursuit of remedy "including, but not limited to, reasonable attorneys' fees and costs of title evidence." *Id.*  "The standard method for determining the amount of reasonable attorneys' fees is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate,' or a 'presumptively reasonable fee.'" *Builders Bank*, 2011 WL 4458851 at *7 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Upon the exhibits and affirmations of counsel, the Court finds Plaintiff's application for attorneys' fees in the amount of $3500 to be presumptively reasonable.

## IV. CONCLUSION

After carefully reviewing Plaintiff's submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment is **GRANTED**; and the Court further

**ORDERS** that Plaintiff has a judgment against Defendants in the amount of $107,458.98 plus interest on the unpaid principal of $81,212.18 in the amount of $14.46 per diem until the entry of this judgment; and the Court further

**ORDERS** that Plaintiff's motion to discontinue the action against Defendant John Doe is **GRANTED**; and the Court further

**ORDERS** that Defendant John Doe be dropped as a defendant in this action, and that the caption of this action be amended to reflect the deletion of "John Doe" as a defendant; and the Court further

**ORDERS** that the property shall be sold pursuant to section 1351 of the R.P.A.P.L.,[6] that a deed be issued in accordance with section 1353(1), and that the sale proceeds be distributed in accordance with section 1354; and the Court further

**ORDERS** that the property be sold, in one parcel, "as is," subject to the following:

(a) any state of facts that an inspection of the property would disclose;

(b) any state of facts that an accurate, currently dated, survey might disclose;

(c) rights of the public and others in and to any part of the mortgaged premises that lies within the bounds of any street, alley, or highway;

(d) building and zoning ordinances of the municipality in which the property is located and possible violations of the same;

(e) covenants, conditions, easements, leases, agreements, and restrictions of record, if any;

---

[6] Unless otherwise designated, all references to "sections" refer to section of the R.P.A.P.L.

(f) rights of tenants, occupants, or squatters, if any; and it shall be the responsibility of the purchaser to evict or remove any parties in possession of the premises being foreclosed with no pro-rata adjustment in favor of the purchaser for any rents that are paid for a period after the date of the foreclosure sale; and

(g) right of redemption of the United States of America to redeem the property within **120 (ONE HUNDRED AND TWENTY) DAYS** from the date of sale, if any;

and the Court further

**ORDERS** that the mortgaged premises be sold, in one parcel, at public auction to the highest bidder, as authorized under section 231(1), at the West Main Street Entrance Lobby of the Franklin County Courthouse, 355 West Main Street, in the Village of Malone in the County of Franklin, New York, by Joseph P Nichols, Esq. of 367 West Main Street, Malone, New York 12953, who is hereby appointed Referee to effectuate the sale of the mortgaged premises; that public notice of the time and place of the sale be made by the Referee in compliance with section 231(2)(a) and the practice of this Court, and published in *The Malone Telegram*; and the Court further

**ORDERS** that Plaintiff or any other parties to this action may become the purchaser or purchasers at such sale, and the Referee at the time of sale may accept a written bid from the Plaintiff or the Plaintiff's attorneys, just as though Plaintiff were physically present to submit said bid; and the Court further

**ORDERS** that the terms of sale, to the extent they do not contradict this judgment or violate any law, shall be binding in all respects on the purchaser; and the Court further

**ORDERS** that after the sale, the Referee shall deposit, in his name as Referee, the initial bid deposit in any federally insured depository in the State of New York; and this account shall be

used solely to complete the closing of the sale and payment of the items referenced herein as needed; and the Court further

**ORDERS** that in accordance with section 1351(1), upon payment of the purchase price, the Referee execute a deed to the purchaser; and the Court further

**ORDERS** that in accordance with section 1354, upon payment of the purchase price, the Referee is directed to make the following payments or allowances from the sale proceeds,

1st: Payment to the Referee in the sum of $750.00 for his conducting the sale of the subject property.

2nd: Payment for the costs of advertising or posting as listed on the bills submitted to and certified by the Referee to be correct.

3rd: Payment to Plaintiff or its attorney as follows: (1) amount due Plaintiff in the sum of $102,328.98 including interest through February 1, 2015 together with interest at the note rate of 6.5% per annum, or $14.46 per diem, until the date of entry of this judgment, and thereafter at the statutory rate until the date of transfer of the Referee's deed; (2) costs and disbursements in the sum of $1,630.00, the amount computed by the Court and adjudged to the Plaintiff, for costs and disbursements in the action; and (3) attorneys' fees in the sum of $3,500.00, as the reasonable legal fees herein, with legal interest from the date of entry of judgment hereof.

4th: Payment of all taxes, assessments, and water rates that are liens upon the property and redemption of the property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute with such interest or penalties which may lawfully have accrued thereon to the day of payment.

The Referee shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in item marked "4th" and shall file it with his report of sale. The Referee shall deposit the surplus moneys, if any, with the aforesaid depository, within **5 (FIVE) DAYS** after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court. The Referee shall comply with the provisions of the R.P.A.P.L. § 1354(2) so that taxes, assessments and water rate which are liens against the property, if any, be paid out of the proceeds of the mortgage foreclosure sale; and the Court further

**ORDERS** that if Plaintiff should purchase the property at auction, the Referee shall not require Plaintiff to pay either a deposit or the bid amount, but shall execute and deliver to Plaintiff a deed of the premises sold, upon the payment of the statutory fees of $750.00 for conducting the sale of the subject property. Plaintiff shall provide the Referee with proof of the amounts paid for taxes, assessments and water rates upon recording of the deed. The balance of the bid amount shall be applied to the amounts due to Plaintiff as specified herein and that if after applying the balance of the bid amount there is a surplus, Plaintiff shall pay it to the Referee, who shall deposit the funds; and the Court further

**ORDERS** that transfer tax is not a lien upon the property or an expense of sale, but rather an expense of recording the deed. All expenses of recording the Referee's Deed shall be paid by the purchaser and not the Referee from sale proceeds. Purchaser shall be responsible for interest accruing on real property taxes after the date of the foreclosure sale; and the Court further

**ORDERS** that the Referee shall make his report of such sale under oath, pursuant to section 1355(1) of the R.P.A.P.L., showing the disposition of the proceeds of the sale and accompanied by the receipts to whom payments were made, and file it with the Clerk of this

Court within **30 (THIRTY) DAYS** after completing the sale and executing the proper conveyance to the purchaser; and the Court further

**ORDERS** that the proceeds of the sale, regardless of amount, shall be deemed to be in full satisfaction of the mortgage debt; and the Court further

**ORDERS** that the purchaser or purchasers at such sale be let into possession on producing the Referee's deed; and the Court further

**ORDERS** that all Defendants in this action, and all persons claiming under them after the filing of the notice of pendency of this action, shall be hereafter barred and foreclosed of all rights, claims, liens, titles, interests, and equities of redemption in the property and each and every part thereof; and the Court further

**ORDERS** that the liens of Plaintiff, other than the mortgage that is the subject matter of this action, shall be hereby foreclosed; and Plaintiff shall reserve the right to any surplus; and the Court further

**ORDERS** that the Referee's acceptance of this appointment shall thereby certify that he is qualified for appointment in compliance with all applicable rules governing the qualification of court-appointed referees; and should the Referee be disqualified from appointment pursuant to the provisions of such rules, the Referee shall promptly notify the Appointing Judge. The appointee shall not receive any fee before filing the report of sales with the Court; and the Court further

**ORDERS** that the Referee shall not demand, accept, or receive more than the otherwise payable statutory fee of $750.00, notwithstanding any adjournment, delay, or stay of the sale, except by application to and order of the Court; and the Court further

**ORDERS** that the Referee shall not accept or retain any funds for himself or pay any funds to himself except as may comply with all applicable rules and the conditions of this decision; and the Court further

**ORDERS** that the Notice of Sale must be submitted to the this Court and the Office of the Franklin County Clerk, at least **TEN (10) DAYS** prior to the date of the foreclosure auction; and the Court further

**ORDERS** that this Court shall retain jurisdiction to construe and enforce this order and judgment of foreclosure and sale including but not limited to an application to confirm the sale made pursuant hereto.

The legal description of the property hereinbefore mentioned is annexed to the this order and judgment of foreclosure and sale as Exhibit A.

**IT IS SO ORDERED.**

Dated: August 10, 2015
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge